UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DANIEL WALKER,

    Petitioner,

v.

CARMEN PALMER,

    Respondent.

_____/

Case No. 1:17-cv-856

HON. JANET T. NEFF

## OPINION AND ORDER

      This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court deny the petition for lack of merit. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

      Petitioner presents eight objections, in which Petitioner fails to advance any specific challenges to the Magistrate Judge's determinations for review by this Court. Petitioner merely disagrees with the Magistrate Judge, reiterates arguments made previously before the Magistrate Judge, and provides conclusory statements.

In short, first, Petitioner reargues *Brady*, stating that the prosecutor had a duty to investigate information "for its truth" (ECF No. 23 at PageID.1392, *see Brady v Maryland*, 373 U.S. 83 (1963)).  Second, Petitioner reasserts his ineffective-assistance claim, arguing that not obtaining discovery and calling witnesses "could not have been [counsel's] trial strategy" (*id*. at PageID.1393).  Third, Petitioner raises an alleged improper sentence based on judicial factfinding, cursory allegations of attorney abandonment, and possible cumulative error even though individual errors may be harmless (*id*. at PageID.1394).  Fourth, Petitioner misconstrues the law in advancing a claim that "[w]henever any Judge shall have acted as Examining Magistrate in any case he shall not be assigned to the trial of that case, (except) with the express[ed] consent of counsel for all parties …" (*id*. at PageID.1395; ECF No. 20 at PageID.1373).  Fifth, Petitioner makes a conclusory statement that "the trial court failed to arraign[] Petitioner" and that there is no record of waiver (ECF No. 23 at PageID.1395).  Sixth, Petitioner reargues his position that the prosecutor denied Petitioner's due process right to a fair trial absent arraignment (*id*. at PageID.1396).  Seventh, Petitioner disagrees with the Magistrate Judge's conclusion on, and reargues, his ineffective-assistance claim based on an alleged denial of counsel at a critical stage and trial and appellate counsels' lack of preparation (*id*.).  Eighth, Petitioner reasserts his claims of "fraud on the court" and contends he is entitled to an evidentiary hearing (*id*. at PageID.1397-1398).

An objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b).  The Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made …." *Id*.  District courts need not provide de novo review of frivolous, general, or conclusive objections. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

Petitioner's general statements of disagreement with the Magistrate Judge's conclusions—rather than specific objections—do not adequately identify Petitioner's issues of contention with the Report and Recommendation and do not provide a proper basis for review by this Court. *See Miller v. Curie*, 50 F.3d 373, 380 (6th Cir. 1995) ("objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious"); *see also Mira*, 806 F.2d at 637. The Magistrate Judge thoroughly considered Petitioner's claims in a 30-page Report and Recommendation; Petitioner's objections set forth no discernable issues that mandate a contrary result. The objections are therefore denied.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Upon review, as recommended by the Magistrate Judge, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's asserted grounds for relief debatable or wrong. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 23) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 20) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: April 6, 2020	/s/ Janet T. Neff
JANET T. NEFF
United States District Judge